Seney, J.
The questions presented by the pleadings and evidence in this case for determination, are three :
First — What must be pleaded and proved in an action of partition as provided by section 5756 of the Revised Statutes, as amended March 20, 1891, and found in Ohio Laws, vol. 88, page 151?
Second — Is a widow entitled to dower in the real estate of her deceased husband of which he died intestate, after electing to take under the will of her husband ?
Third — Is an action in partition, under the code, appeal-able ?
As to the first question — upon the death of a person intestate, his lands descend to the heirs at law, subject only to the payment of the debts of the decedent. The lands vest in the heirs at law immediately upon the death, subject, however, to the encumbrance of the ancestor’s debts.
So that the primary duty as well as the first duty the lands owe, is to pay the debts.
Under the laws of the state, it is made the duty of an administrator of an estate, as soon as he is satisfied that the personal assets of an estate will not pay the debts, to make application (by the filing of a petition) in the probate court, to sell the real estate to pay debts.
*339 While this is the duty of an administrator, yet prior to the amendment of section 5756 of the Revised Statutes, an heir at law could immediately, upon the death of his ancestor, commence an action in the court of common pleas to partitition the real estate, whether the ancestor owed debts or not sufficient to take all of the real estate sought to be partitioned.
Thus it will be seen in legal effect, two rights existed, each right accruing to different persons, viz: one in the administrator to sell real estate, and the other in the heir at law to sell real estate. With these rights existing, our courts have held that the court first obtaining, jurisdiction should hold the case for all purposes, thus defeating one of the rights. So that an action commenced in the court of common pleas by an heir at law to partition the real estate, prevented the administrator from commencing an action in the probate court to sell the real estate, thus defeating the right to* sell the land, to meet the primary duty it owed, viz: to pay the ancestor’s debts,
Thus stood the law prior to this amendment, and we have no doubt that the legislature, in passing this amendment, intended to make the primary duty, supreme, and free from any interference. With this intention in view, the amendment was passed, which reads:
Section 5756 : “ A person entitled to partition of an estate may file his petition therefor in the court of common pleas, setting forth the nature of his title, and a pertinent description of the lands, tenements or hereditaments of which partition is demanded, and naming each tenant in common, coparcener, or other person interested therein as defendants. Provided, however, that when the title to such estate came to such person by descent or devise upon the death of an inhabitant of the state, a partition thereof shall not be ordered by the court within one year from the date of the death of such inhabitant, unless the petition shall set forth and it be proved that all of the debts and claims against the estate of such de *340 cedent have been paid, or secured to be paid, or that the personal property of said deceased is sufficient to pay the same.”
Thus it will be seen that the right of the heir at law, to commence an action in partition immediately upon the death of the ancestor, is denied for the period of one year, unless it will not interfere with the right of the administrator. As we have before mentioned, this right existed in the administrator solely, for the purpose of selliug the real estate to pay debts. So that during this period, if it became necessary to sell the real estate to pay debts, the administrator is left free to act without surrounding him with the annoyance and sometimes the embarrassment of an action in partition.
So that, under the amendment it must be averred in the petition in partition (among other things), and also proved either :
That all the debts and claims against the estate of such decedent have been paid/ or
That all the debts and claims against the estate of such decedent have been secured to be paid, or
That the personal property of said decedent is sufficient to pay the debts.
Thus it will be seen that if the debts and claims have been paid, or if the personal property is sufficient to pay them, the administrator is not given any new right by the amendment ; prior to the amendment he could only obtain an order to sell real estate when there were debts, and the personal property was not sufficient to pay them.
Section 6146 of the Revised Statutes provides:
“An order for the sale of the real estate shall not be granted if any of the persons interested in the estate shall give bond to the executor or administrator in a sum, and with sureties to be approved of by the court, with condition to pay all the debts mentioned in the petition that shall eventually be found due from the estate, with the charges of administering the same, and the allowance of money to the widow, so far as the personal estate of the deceased shall be insufficient therefor.”
*341 Thus it will be seen, by the giving of this bond, the administrator is not given any new right by this amendment. Prior to the amendment, he could not obtain an order to sell the real estate when this bond was given. Under the amendment, if all the debts and claims against the estate of such decedent have been secured to be paid, partition shall not be denied.
How, to whom, and in what manner they shall be secured, the amendment is silent. They must be secured in the mode or manner provided by law, otherwise the security would be without consideration, and worthless. The only mode provided by law for securing the debts of the decedent, is this section 6146 which we have cited. So that the debts secured to be.paid, as provided by the amendirent, must be construed in connection with section 6146, and this section provides, as we have seen, that the security can only be given when a petition has been filed by the administrator to sell real estate to pay debts; for one of the conditions of the bond is to pay all the debts mentioned in the petition ; and it is further provided that the court shall approve the bond, which means the court in which the petition is pending. So we hold the security mentioned in this amendment, is the security provided by section 6146, and none other.
Entertaining this view, the majority of the courthold, Judge Day dissenting, that the evidence offered fails to prove that the debts of the estate have been secured.
As to the second question, viz : “Is a widow entitled to dower in the real estate of her deceased husband of which he dies intestate, after electing to take under the will of her husband.”
We are all of the opinion that the question must be answered in the negative — on the authority of Corry v. Lamb, 45 Ohio St. 203. The syllabus of the case reads:
“A widow electing to take the provision made for her in the will of her husband, will be barred of dower in land of which he was seized as of an estate of inheritance-during co *342 verture, and which was sold and conveyed on foreclosure of a mortgage executed by him in which she did not join, unless it plainly appear by the will that she should have such provision in addition to her dower.”
Dickman, Judge, on page 208 of the ease sited, says :
“We are satisfied from an examination of the statute, that the bar to dower by reason of the widow’s election to accept under the will, extends to all real estate of which the husband may have been seized as of an estate of inheritance at any .time during coverture, and in which the wife’s dower has not been extinguished by the statutory method.”
“ If she elects to take under the will,” by section 5964, “she shall be barred of her dower.” The term “ dower” is - not of obscure and uncertain meaning. It is unambiguous, and has a fixed, definite, and legal signification. It is a right that attaches not merely to the lands of whieh the husband died seized, but to all the lands whereof he was seized, either in deed or in law, at any time during the coverture. If to be endowed of the lands of her husband, or have dower in his lands, applies to all lands whereof the husband was seized as of an estate of inheritance, at any time during the'intermarriage, the language of seetion 5964, “ she shall be barred of her dower, upon her electing to take under the will,” should have a no less application, and cannot be confined to property devised in the will.
As to the third question, viz: Is an action in partition under the code appealable.
Prior to the revision of the statutes in 1880, partition proceedings were a special proceeding, and not a civil action; hence from an order of partition an appeal could not be taken, unless as a part of the relief sought in partition, other equitable relief was demanded. Since the revision of the statutes, partition proceedings are no longer a speeial proceeding, but are a part of the code, and have become a civil action, and being a civil action without the right of a trial by jury, an appeal may be taken.
John Poe, for plaintiff.
Dunn & Mehan, for defendant.
The motion to dismiss the appeal will be overruled; the petition of the plaintiff will be dismissed; the cross-petition of the defendant will be dismissed; each party will pay their own costs; execution awarded, and cause remanded for execution.